IN THE UNITED STATES BANKRUPTCY COURT FOR THE
**WESTERN DISTRICT OF OKLAHOMA**

**FILED**

OCT 0 8 2004

GRANT PRICE
CLERK, U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA
BY: _____
DEPUTY

IN RE: )
)
**MICHAEL STEVEN ROSS** )   CASE NO. _____
**EMILY RACHEL ROSS** )
)
DEBTORS. )   **CHAPTER 13**
)

**04-21106NLJ**

## CHAPTER 13 PLAN

1.      The future income of the Debtors is submitted to the supervision and control of the court, and the Debtors shall pay to the Trustee monthly the sum of **$370.00** for a term of **36 months**. Said payment shall be made in the following manner:

[ ] DIRECTLY BY THE DEBTORS
[ ] BY AUTOMATIC WAGE DEDUCTION

Debtors hereby elect to avoid the fixing of all liens pursuant to §522(f) of the Bankruptcy Code and specifically moves this honorable court to avoid the following non-purchase money lien(s) on exempt property of the Debtor:

| CREDITOR | EXEMPT COLLATERAL |
|---|---|
| None | |

Unless a timely objection is filed with this court, confirmation of this Plan shall serve as the order of this court that all of the liens listed above shall hereby be avoided. All secured creditors except those whose liens are avoidable pursuant to the provisions of §522(f) and are hereby avoided, shall retain their liens until paid as provided for the this Plan.

2.      From the payments so received, the Trustee shall make disbursements and creditors shall be treated as follows:

a.      The claims or expenses entitled to priority under §507(a)(1) shall be paid in full in deferred cash payments before payment to all other creditors as follows:

| PRIORITY CLAIMANTS | TOTAL IN PLAN |
|---|---|
| John Hardeman Chapter 13 Trustee | 1332.00 |
| Deborah Brooks & Associates, P.C., having received $6.00 prior to filing this petition, to receive as a priority in the Plan the sum of $1494.00 | 1494.00 |

If secured creditors can demonstrate the need for adequate protection by (1) showing that their collateral is depreciating and (2) that there is no equity in the property, then the Trustee is permitted to pay these secured creditors a reasonable monthly payment upon confirmation of the Plan along with a reasonable monthly payment to the attorney.

b.      **CLAIMS SECURED BY REAL PROPERTY**. The following creditor(s) shall retain their lien upon and security interest in real property and the Trustee shall have no interest in or claim to the property securing the claim.

| CLAIMANT | COLLATERAL | EST AMT OF CLAIM | VALUE | MONTHLY PAYMENT TO BE MADE BY THE DEBTOR |
|---|---|---|---|---|
| Dixie E. Mitchell | Homestead | 12,451.00 | 20,000.00 | 208.00 |

The regular ongoing monthly payment to the above creditor of $0.00 shall be made by the Debtor to the Trustee and shall be disbursed to said creditor each month by the Trustee upon her normal distribution schedule. Such payments shall begin upon confirmation of the Plan or upon any appropriate order of the Court. No payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of arrearages cured under this Plan.

The estimated arrearages listed below shall be adjusted to reflect the actual arrearages at the time of confirmation. The arrearage as adjusted (including late charges) shall be cured within a reasonable time as part of the ongoing Plan payment at four percent (4%) interest.

c.      If the Trustee receives less than the designated Plan payment as stated in Section 1 above during the term of the Plan, the Trustee shall first pay the Debtors' monthly mortgage payment, in full or in part, as set forth in Section 2(b) of the Plan. The remainder of the payment, if any, shall be paid to other secured and/or priority claimants on a pro-rata basis.

| CLAIMANT | SECURITY | EST. ARREARAGE |
|---|---|---|
| None | | |

d.      **CLAIMS SECURED BY PERSONAL PROPERTY**. Under §1325(a)(5)(B), the following secured creditors will retain their liens in Debtor's property to secure their allowed, timely filed secured claims and be paid the value of their collateral in deferred cash payments plus interest at an annual rate of **eight (8%)**. The following claims secured by liens on personal property shall be bifurcated according to Title 11 U.S.C. §506 to reflect the current fair-market value of the collateral, which shall be paid as the secured portion of the claim. The difference between the fair market value of the collateral and the total amount of the claim shall be classified as an unsecured claim and shall be paid pro-rata according to paragraph 2(i) of this Plan. Any amount relegated to an unsecured classification and which remains unpaid upon successful conclusion of this Plan shall be discharged by these proceedings and the corresponding lien shall be avoided thereby.

Secured creditors shall be paid before payment to other priority creditors.

| CREDITOR | COLLATERAL | Est AMT OF CLAIM | VALUE | Est TOTAL-plus INTEREST |
|---|---|---|---|---|
| TFCU | Two Claims-Dirt Bike and cross-collaterized signature loan | 4891.00 | 1300.00 | 1811.00 |
| Central Nat'l Bank | '95 Chevy | 6940.0 | 6082.00 | 7093.00 |

Total amount due secured consumer creditors is the sum of **$8904.00**. Any remaining deficiency will be paid pro rata as an unsecured claim. These unsecured deficiencies amount to the sum of **$4270.00**.

e.      The claims or expenses entitled to priority under §507(a)(7) shall be paid in full in deferred cash payments after payment to secured creditors as follows:

| PRIORITY CLAIMANT | TOTAL |
|---|---|
| None. However, any properly filed priority claims filed by the appropriate Tax Authorities, either pre-petition or post-petition, shall be paid through the Debtor's Chapter 13 Plan on a pro-rata basis. | |

f.   If applicable, collateral will be surrendered to the following secured creditors **IN FULL SATISFACTION** of the debts as follows:

**CREDITOR**                              **EST. AMOUNT OF CLAIM**                              **COLLATERAL**
None

g.   If applicable, unsecured creditors of Class I shall be paid in full under Title 11 U.S.C. §1301 and 1322(b)(1).  These creditors are as follows:

**CREDITOR**                                                    **AMOUNT OF CLAIM**
None

h.   General unsecured creditors whose claims are timely filed and allowed will be paid pro rata approximately **Sixteen percent (16%)** of their timely filed claims plus **0% interest**.  The percentage dividend to be paid to unsecured creditors is estimated and the estimated percentage is in no way a guarantee of any specific amount.  This plan shall therefore be confirmed as a **BASE PLAN** and not a percentage plan.  The Trustee shall make monthly payments to each of the general unsecured creditors as follows:

**GENERAL UNSECURED CREDITORS**
**(See Schedule F and section 2(d) of the Plan)**
Total to be paid to unsecured creditors:                     $1584.00

i.   Pursuant to Section 1322(b)(5), the following long term debts shall be paid according to the terms and conditions of their original note and according to the following schedule:

**CLAIMANT**              **SECURITY**              **PAYOFF/CLAIM**    **MONTHLY PYMT TO BE MADE BY TRUSTEE**
None

3.   a.   If applicable, the following executory contracts or expired leases are rejected:
**SELLER'S OR LESSOR'S NAME**                          **ADDRESS**
Dixie Mitchell

b.   If applicable, the following executory contracts or unexpired leases are **reaffirmed**:
**SELLER'S OR LESSOR'S NAME**                          **ADDRESS**
None

4.   The following payments are to be made outside the Plan:
**CREDITOR**                              **COLLATERAL**                              **MONTHLY PAYMENT**
None

5.   Upon confirmation of the Plan, the Debtor will provide for payments to be made to the Trustee as follows:
a.   Debtor's wages
b.   Payments will commence approximately thirty (30) days from the filing date of this Chapter 13 Plan,
     **ON OR BEFORE NOVEMBER 7, 2004.**

### SUMMARY OF DISBURSEMENTS WITHIN THE PLAN

| | | |
|---|---:|---:|
| Secured creditors | $ | 8904.00 |
| Class I unsecured creditors | | 0.00 |
| House payments | | 0.00 |
| Mortgage Arrearages | | 0.00 |
| Debtor's attorney | | 1494.00 |
| Other Priority Claims | | 0.00 |
| Unsecured creditors (including deficiencies and avoided liens) | | 1590.00 |
| **SUBTOTAL** | $ | 11988.00 |
| Trustee (5% commission plus up to 5% actual expenses) | | 1332.00 |
| **TOTAL** | $ | 13320.00 |

### LIQUIDATION ANALYSIS

The liquidation value of non-exempt assets is zero (0).  The total distribution to unsecured creditors over the entire length of the Plan amounts to **$1584.00** which represents approximately **sixteen percent (16%)** of their total balances.  This is in accordance with 11 U.S.C. §1325(a)(4) in that the payments under the Plan are greater than those in a liquidation situation.

_10-20/_
**DATE**

_10-7-04_
**DATE**

_10/8/04_
**DATE**

Michael Steven Ross

Emily Rachel Ross

**ATTORNEY FOR DEBTOR**

DEBORAH BROOKS & ASSOCIATES, P.C.
DEBORAH BROOKS, OBA#015684
5500 N. Western, Suite 130
Oklahoma City, OK 73118
(405) 840-5363

nan   m:\wpdoc\rvossm.pln